UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ONDRE W. STURGESS
aka ANDRE STURGESS,

              Petitioner,

                                    CASE NO. 5:06-CV-14234
v.                                   HONORABLE JOHN CORBETT O'MEARA

MARY BERGHUIS,

              Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.**      **Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Ondre Sturgess aka Andre Sturgess ("Petitioner") was convicted of second-degree murder following a jury trial in the Genesee County Circuit Court in 1999. He was sentenced as a fourth habitual offender to 62 ½ years to 100 years imprisonment. In his pleadings, Petitioner raises claims concerning the submission of a first-degree murder charge to the jury, the failure to instruct the jury on the defense of intoxication, prosecutorial misconduct, his right of allocution at sentencing, ineffective assistance of trial and appellate counsel, and the rejection of a late appeal on state collateral review. Respondent, through the Michigan Attorney General's office, has filed an answer to the petition contending that it should be denied. For the reasons set forth herein, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

1

**II.** **Facts and Procedural History**

Petitioner's conviction arises from the death of his girlfriend after he beat her, doused her with gasoline, and set her on fire in a trailer park residence in Flint, Michigan on May 28, 1999. Petitioner has submitted a brief and other materials in support of his claims. This Court accepts and incorporates the factual allegations contained in Petitioner's brief in support of his habeas corpus petition insofar as they are consistent with the record, as Respondent has not disputed them. *See Dickens v. Jones*, 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002); *see also Bland v. California Dep't. of Corrections*, 20 F.3d 1469, 1474 (9th Cir. 1994).

Following his conviction and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising claims concerning the denial of his directed verdict motion, the failure to instruct the jury on the defense of intoxication, prosecutorial misconduct, his right to allocute at sentencing, and errors in his pre-sentence report. The court affirmed Petitioner's convictions and remanded the matter to the trial court for the limited purpose of making changes to the pre-sentence report. *See People v. Sturgess*, No. 223719, 2001 WL 1565569 (Mich. Ct. App. Dec. 7, 2001) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Sturgess*, 467 Mich. 853, 650 N.W.2d 338 (2002).

Petitioner subsequently filed a motion for relief from judgment in the state trial court raising claims of ineffective assistance of trial and appellate counsel, which was denied on July 14, 2004. Petitioner attempted to file a delayed application for leave to appeal with the Michigan Court of Appeals, but his application was rejected as untimely because it was filed more than 12 months after the trial court's decision. *See People v. Sturgess*, No. 263964 (Mich. Ct. App. Sept.

28, 2005) (unpublished).  Petitioner filed an application for leave to appeal with the Michigan

Supreme Court, which was denied.  *See People v. Sturgess*, 474 Mich. 1125, 712 N.W.2d 498

(2006).

Petitioner thereafter filed the present habeas petition, asserting the following claims:

I.      Petitioner was prejudiced by the trial court's "double standard application" in weighing the evidence and refusal to instruct the jury on an intoxication defense.

II.     The heart of Petitioner's theory of defense was denied where the trial court refused to instruct the jury on an intoxication defense; and although the Court of Appeals found this error harmless, it did not apply *Chapman*'s harmless error analysis at all; thereby an unreasonable non-application of *Chapman*.

III.    Petitioner was prejudiced by improper prosecutor argument.

IV.     Petitioner was denied due process by the Court of Appeals refusal to remand for re-sentencing because the trial court denied his right of allocution.

V.      Petitioner had ineffective assistance of counsel and ineffective assistance of appellate counsel for their failure to raise the issues herein at trial and/or during Petitioner's appeal of right.

VI.     Petitioner was prejudiced by the Michigan Court of Appeals application of procedural default; by refusing to consider the appeal of his motion for relief from judgment claims that were mailed with sufficient time for it to arrive timely in the normal course of events.

Respondent has filed an answer to the petition asserting that it should be denied because the

claims are barred by procedural default, are not cognizable, and/or lack merit.

## III.    <u>Analysis</u>

### A.    <u>Standard of Review</u>

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his

habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court
> proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule

that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of

facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S.

12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see*

*also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of §

2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the

correct governing legal principle from [the Supreme] Court but unreasonably applies that

principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

(quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a

federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the

state court's decision must have been more than incorrect or erroneous.  The state court's

application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations

omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**B.     Directed Verdict/Compromise Verdict Claim**

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in denying his motion for a directed verdict on the first-degree murder charge, which resulted in a compromise verdict finding him guilty of second-degree murder. Respondent contends that this claim lacks merit.

First, to the extent that Petitioner relies upon state law to support this argument, he fails

to state a claim for habeas relief. It is well-settled that habeas relief may not be granted for alleged violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Shacks v. Tessmer*, 2001 WL 523533, *6 (6th Cir. May 8, 2001) (unpublished) (finding no merit in petitioner's claim that the trial court erred in denying his motion for directed verdict of acquittal on first-degree murder charge based upon alleged state law violations).

Second, clearly established United States Supreme Court law provides only that a defendant has a right not to be *convicted* except upon proof of every element of a crime beyond a reasonable doubt; the Supreme Court has never held that submission of a charge upon which there is insufficient evidence violates a defendant's constitutional rights where the defendant is acquitted of that charge. In *Daniels v. Burke*, the United States Court of Appeals for the Sixth Circuit recognized that "[s]ome courts, under similar facts have concluded that submission to the jury of a charge constituted harmless error in light of petitioner's acquittal on that charge." 83 F.3d 760, 765 n. 4 (6th Cir. 1996) (citing cases); *see also Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001), *but cf. Williams v. Jones*, 231 F. Supp. 2d 586, 593-94 (E.D. Mich. 2002) (relying upon double jeopardy case of *Price v. Georgia*, 398 U.S. 323, 331 (1970)). In *Daniels*, however, the Sixth Circuit found it unnecessary to decide the issue in light of the fact that the evidence of first-degree murder was sufficient to submit that charge to the jury. *Id*.

In any event, the Court need not resolve the matter because there was sufficient evidence to support the submission of the first-degree murder charge to the jury. Under Michigan law, first-degree premeditated murder requires proof that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate. *See People v. Schollaert*, 194

Mich. App. 158, 170, 486 N.W.2d 312 (1992). Premeditation and deliberation require sufficient time to allow the defendant to take a second look. *Id.* Premeditation and deliberation may be established by evidence of "(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *Id.* Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of the crime, *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including a defendant's intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997).

The Michigan Court of Appeals determined that there was sufficient evidence to support the submission of the first-degree murder charge to the jury, stating in relevant part:

> In this case, there was sufficient evidence to support a finding of premeditation and deliberation. First, defendant and the victim had a prior relationship. By all accounts, they had been living together in a trailer for several days. Additional evidence indicated that defendant was abusive toward the victim and forced the victim to "turn tricks" to provide defendant with money to support his drug habit.
>
> Further, defendant's actions before the crime also supported a finding of premeditation and deliberation. Several witnesses testified that defendant, shortly before pouring the gasoline on the victim, was angry with her because she had returned from "turning tricks" with only $16. Defendant accused the victim of "smoking his money." At least two witnesses observed defendant hit, punch, and kick the victim. Defendant was also heard hitting the victim with an object, possibly a rope, in the bedroom. Defendant continued taunting the victim for several minutes and repeatedly told her that he had given her enough chances.
>
> Similarly, defendant's conduct after the crime is equally supportive of finding premeditation and deliberation. Defendant was observed trying to extinguish the fire on the victim; however, defendant also abruptly left the trailer without discerning whether help had been summoned. Defendant even threatened both witnesses and told them to say nothing. When defendant went to Kenneth Kinder's house, to obtain money or a gun from him, defendant referred to the victim as a "bitch" and showed no signs of remorse. *See People v. Paquette*, 214 Mich App 336, 342-343;543 NW2d 342 (1995) (defendant's lack of remorse can

be considered when determining whether there is evidence of premeditation and deliberation). Eventually, defendant checked into a hospital under an alias.

Additionally, the circumstances of the killing also favor a finding of premeditation and deliberation. After emerging from the bedroom, defendant sat on the couch and started to smoke crack cocaine. The victim remained on the floor, crying. During this time, defendant told Tommy Horton to get the gas can out of the truck. However, when Horton refused, defendant went out and retrieved the gas can. Defendant brought the gas can inside the trailer, poured gas on the victim, and watched her cry out that the gas was stinging her eyes. Defendant took another "hit" of crack cocaine and then proceeded to taunt the victim with the crack pipe. While taunting the victim, defendant lit the lighter twice, before the victim was engulfed in flames. The victim suffered extensive burns, primarily second- and third-degree burns, from which she subsequently died.

Taken in a light most favorable to the prosecution, there was sufficient evidence to support a finding of deliberation and premeditation. Therefore, the trial court properly denied defendant's motion for a directed verdict and allowed the jury to consider the charge of first-degree murder.

*Sturgess*, 2001 WL 1565569 at \*1-2.  This Court concludes that the Michigan Court of Appeals' decision is neither contrary to nor an unreasonable application of Supreme Court precedent. Given the evidence presented at trial which showed that he beat the victim, doused her with gasoline, and then set her on fire, a reasonable juror could have found that Petitioner had the specific intent to kill the victim.

Moreover, there was sufficient evidence to support Petitioner's second-degree murder conviction.  In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Under Michigan law, the common law crime of murder is defined as second-degree murder and is punishable by up to life imprisonment.  *See* Mich. Comp. L. § 750.317.  To establish second-

degree murder, the prosecution must show that the defendant killed a human being with malice aforethought.  In order to show malice aforethought, the prosecution must establish that the defendant had:  (1) the intent to kill; (2) the intent to commit great bodily harm; or (3) the intent to create a very high risk of death or great bodily harm with the knowledge that death or great bodily harm is the probable result.  *See People v. Dykhouse*, 418 Mich. 488, 495, 345 N.W.2d 150 (1984); *People v. Aaron*, 409 Mich. 672, 713-14, 299 N.W.2d 304 (1980).  Petitioner's conduct in beating the victim, dousing her with gasoline, and ignited a flame which set her on fire provided sufficient evidence for the jury to conclude beyond a reasonable doubt that Petitioner acted with the requisite intent to support a second-degree murder conviction.  It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts, and this Court must presume that the jury resolved those conflicts in favor of the prosecution.  *See Jackson*, 443 U.S. at 326.  Habeas relief is not warranted on this claim.

### C.     Jury Instruction Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to instruct the jury on the defense of intoxication, which deprived him of a substantial defense. Respondent contends that this claim lacks merit.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair.  *See Estelle*, 502 U.S. at 72); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).  State law instructional errors rarely form the basis for federal habeas corpus relief. *Estelle*, 502 U.S. at 71-72.  The failure to give a defense instruction that is supported by the

evidence does not automatically entitle a petitioner to habeas relief; the failure to instruct must have rendered the petitioner's trial fundamentally unfair. *See Maes v. Thomas*, 46 F.3d 979, 984-85 (10th Cir. 1995); *Nickerson v. Lee*, 971 F.2d 1125, 1137 (4th Cir. 1995). A failure to instruct does not deprive a petitioner of fundamental fairness where the instructions as a whole adequately present the defense theory to the jury. *See Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson*, 431 U.S. at 155.

On appeal, the Michigan Court of Appeals determined that the trial court erred in failing to instruct the jury on the defense of intoxication but held that the error was harmless. The court explained:

> We agree with defendant that there was sufficient evidence that he was intoxicated at the time of the criminal act. While intoxication is a defense to the specific intent crime of first-degree murder, a charge that we have determined was properly submitted to the jury, intoxication is not a defense to the general intent crime of second-degree murder, the crime of which defendant was convicted by the jury. *See People v. Langworthy*, 416 Mich 630; 331 NW2d 171 (1982). Because defendant was convicted of a crime for which intoxication is not a defense, any error in not instructing the jury on intoxication was harmless. *People v. Hansma*, 84 Mich App 138, 147-148; 269 NW2d 504 (1978).

*See Sturgess*, 2001 WL 1565569 at *2.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it has "grave doubt" about whether trial error had

substantial and injurious effect or influence upon jury's verdict). Jury instruction errors are subject to harmless error analysis. *See, e.g., Neder v. United States*, 527 U.S. 1, 10-12 (1999) (citing cases). Given that Petitioner was acquitted of the first-degree murder charge and only convicted of second-degree murder and given that intoxication is not a defense to second-degree murder under Michigan law, any error in failing to instruct the jury on intoxication was harmless.[1] Habeas relief is not warranted on this claim.

### D. Prosecutorial Misconduct Claims

Petitioner also asserts that he is entitled to habeas relief because the prosecutor engaged in misconduct by referring to his criminal proceedings as a "murder" case, by misstating the law, by mischaracterizing the evidence, by appealing to jury sympathy for the victim, and by referencing other acts evidence. Respondent contends that the first issue lacks merit and that the remaining issues are barred by procedural default and/or lack merit.

#### 1. Murder Case Reference

Petitioner first asserts that the prosecutor improperly referred to his case as a "murder" case throughout the trial. The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a prosecutorial misconduct claim, a habeas petitioner must demonstrate that the prosecutor's remarks or conduct "so infected the

---

[1]Moreover, Petitioner was not deprived of "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). The record reveals that trial counsel presented evidence and argument that Petitioner had used drugs, was intoxicated at the time of the incident, and accidentally set the victim on fire. To be sure, the jury apparently found that Petitioner lacked the requisite intent to support a first-degree murder conviction.

trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

The Michigan Court of Appeals denied relief on this claim, stating in relevant part:

Since this was a murder case, we fail to see how the prosecutor's comments were in error or denied defendant a fair trial. Moreover, during the instances where the prosecutor made such references when questioning witnesses, defense counsel objected and the trial court sustained the objections and cautioned the jury. Consequently, the trial court immediately cured any prejudicial effect.

*Sturgess*, 2001 WL 1565569 at *4. This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Because Petitioner was being tried on a

murder charge, the prosecutor's characterization of the matter as a murder case was not improper. Nonetheless, to the extent that the prosecutor's references could be viewed as excessive, they were not so flagrant as to deprive Petitioner of a fair trial – particularly given the trial court's curative response and instructions and the significant evidence of guilt presented at trial. Habeas relief is not warranted on this claim.

2.   Procedural Default of Remaining Prosecutorial Misconduct Claims

Respondent contends that the remaining prosecutorial misconduct claims are barred by procedural default because Petitioner failed to object to such matters at trial. Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006), *cert. denied*, _ U.S. _, 127 S. Ct. 578 (2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

The Michigan Court of Appeals rendered the last reasoned opinion on these claims. In dismissing these claims, the court relied upon Petitioner's failure to object at trial. *See Sturgess*,

13

2001 WL 1565569 at *3-5. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Girts v. Yanai*, 501 F.3d 743, 755 (6th Cir. 2007); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). The Michigan Court of Appeals denied these claims based upon a procedural default – the failure to properly object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse the default. *See Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim

14

was not reasonably available. *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

In this case, Petitioner alleges ineffective assistance of counsel as cause to excuse this procedural default. This claim itself, however, has been procedurally defaulted because Petitioner first raised the ineffective assistance of trial and appellate counsel issues in his motion for relief from judgment and then failed to timely appeal the trial court's denial of relief with the Michigan Court of Appeals. *See* discussion *infra*. A claim of ineffective assistance of counsel asserted as cause to excuse a procedural default is an independent constitutional claim which requires proper exhaustion in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). The record demonstrates that Petitioner has not properly exhausted his ineffective assistance of trial and appellate counsel claims in the state courts. Consequently, Petitioner has defaulted those claims in the state courts and cannot rely upon either counsel's alleged ineffectiveness to establish cause to excuse the procedural default of these prosecutorial misconduct claims. *See, e.g., Jacobs v. Mohr*, 265 F.3d 407, 417-18 (6th Cir. 2001).

The Court need not address the issue of prejudice when a habeas petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983); *Bell v. Smith*, 114 F. Supp. 2d 633, 638 (E.D. Mich. 2000). Nonetheless, the Court notes that Petitioner cannot establish prejudice as these prosecutorial misconduct claims lack merit for the reasons stated by the Michigan Court of Appeals in reviewing them for plain error. *See Sturgess*, 2001 WL 1565569 at *3-5.

Petitioner has also not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo,* 513

U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. These claims are thus barred by procedural default, lack merit, and do not warrant habeas relief.

### E. Sentencing Allocution Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court denied him the right of allocution at sentencing. Respondent contends that this claim is not cognizable upon habeas review. This Court agrees. There is no constitutional right to allocution under the United States Constitution. *See Hill v. United States*, 368 U.S. 424, 428 (1962); *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997). Although the right of allocution existed at common law and is required by statute in several states, the right of allocution is not guaranteed by the United States Constitution. *See United States v. Waters*, 158 F.3d 933, 943 (6th Cir. 1998). Petitioner has thus failed to state a cognizable claim for federal habeas relief. Moreover, even if Petitioner's claim were cognizable, he has not established a due process violation. The record reveals that Petitioner had an opportunity to address the court at sentencing. *See also Sturgess*, 2001 WL 1565569 at *5. Habeas relief is not warranted on this claim.

### F. Ineffective Assistance of Trial and Appellate Counsel Claims

Petitioner also asserts that he is entitled to habeas relief because he was denied the

effective assistance of trial and appellate counsel. Respondent contends that these claims are barred by procedural default and/or lack merit.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Petitioner has not properly exhausted his ineffective assistance of trial and appellate counsel claims in the state courts. Petitioner first raised these claims in his motion for relief from judgment in the state trial court. However, he did not properly exhaust those claims in the state courts because he failed to file a timely application for leave to appeal with the Michigan Court of Appeals.

A state prisoner's habeas claims are procedurally defaulted if the prisoner has failed to comply with an independent and adequate state procedural rule, thus causing default of the prisoner's federal claims in state court. *See Coleman*, 501 U.S. at 750. This can occur when an individual fails to present an issue to a state appellate court upon the only opportunity to do so. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Rust*, 17 F.3d at 160. In *Coleman*, the United States Supreme Court held that if the decision of the last state court to which a habeas petitioner presented his federal claims fairly appeared to rest primarily on federal law, or to be interwoven

17

with federal law, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition. *Id.* at 735. The Court went on to note:

> This rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims [citation omitted].

*Id.* at 735 n.1.

As noted, the doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White*, 431 F.3d at 524; *Howard*, 405 F.3d 477. Michigan law clearly requires that an application for leave to appeal the denial of a motion for relief from judgment in the Michigan Court of Appeals be filed within 12 months after the lower court decision. *See* Mich. Ct. R. 7.205(F). Petitioner failed to timely file his application under that rule and the Michigan Court of Appeals rejected his application on that basis. The procedural rule relied upon by the Michigan Court of Appeals was firmly established and regularly applied at the time of Petitioner's default. *Id*; *see also Walker-Bey v. Dep't of Corrections*, 222 Mich. App. 605, 608-10, 564 N.W.2d 171 (1997).[2] Petitioner thus procedurally defaulted these habeas claims by failing to timely seek leave to appeal with the Michigan Court of Appeals.

---

[2]Unlike the federal courts, the Michigan courts have declined to adopt the "prison mailbox rule," *see Houston v. Lack*, 487 U.S. 266 (1988), which deems a document filed when a prisoner gives that document to prison officials for mailing. A Michigan court pleading, therefore, is not properly filed until it is received by the appropriate state court clerk. *See Walker-Bey, supra*. Thus, the fact that Petitioner submitted his leave application to prison officials for mailing before the 12-month deadline did not render his appeal timely.

Consequently, Petitioner must establish cause for noncompliance and actual prejudice, or demonstrate that a fundamental miscarriage of justice has occurred. *See* discussion *supra*. Petitioner fails to establish cause to excuse his default. He merely asserts that he put his leave application in the mail with sufficient time for it to reach the Michigan Court of Appeals in the ordinary course of events. Petitioner has not explained why he waited until 11 months and 25 days had passed to mail his application, *see Sturgess*, No. 263964 at *1, or why he was otherwise unable to file it in a timely manner. The Court notes that there is no constitutional right to counsel during state collateral proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Consequently, any claim of ineffectiveness of counsel cannot constitute cause to excuse Petitioner's procedural default in failing to timely seek post-conviction collateral review in the Michigan Court of Appeals. *See Coleman*, 501 U.S. at 752; *see also* 28 U.S.C. § 2254(I). Petitioner has thus failed to establish cause to excuse his default.

As discussed *supra*, the Court need not address the issue of prejudice when a habeas petitioner fails to establish cause to excuse a procedural default. *See Smith*, 477 U.S. at 533; *Long*, 722 F.2d at 289. Petitioner has also not established that a fundamental miscarriage of justice has occurred by presenting evidence that he is actually innocent. *See Schlup,* 513 U.S. at 324-27; *Bousley*, 523 U.S. at 624. His ineffective assistance of trial and appellate counsel claims are thus barred by procedural default and do not warrant federal habeas relief.

### G.     Rejection of Untimely Appeal on Collateral Review Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because he was prejudiced by the Michigan Court of Appeals' rejection of his delayed application for leave to appeal the denial of his motion for relief from judgment as untimely. It is well-settled that a state court's

alleged failure to properly apply its own procedural rule is not cognizable on federal habeas review. This Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1975). Habeas relief is unavailable for mere errors of state law and a federal court will not review a state court's decision on a matter of purely state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Long v. Smith*, 663 F.2d 18 (6th Cir. 1981).

Moreover, the United States Court of Appeals for the Sixth Circuit has consistently held that "errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007). A federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief because the states have no constitutional obligation to provide post-conviction remedies. *See Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Challenges to state collateral post-conviction proceedings cannot be brought under the federal habeas statute because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F.3d at 853 (quoting *Kirby*, 794 F.2d at 247). The scope of the writ does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Id.* (quoting *Kirby*, 794

F.2d at 248).  Because Petitioner challenges the state court's application of its own procedural rule in the context of his state collateral post-conviction proceedings, he fails to state a claim upon which habeas relief may be granted as to this issue.

## IV.  <u>Conclusion</u>

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition and that the petition for writ of habeas corpus shall be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a

constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists would not find this Court's procedural ruling on his prosecutorial misconduct and ineffective assistance of counsel claims debatable. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.


s/John Corbett O'Meara
United States District Judge


Date: July 24, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 24, 2008, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager